IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

Rosa M Diaz and Maria Fernandez, )
                                  Plaintiff(s). )
   v. )
       )
Gaming-EP, Inc. and Jaime Govea, )
                                  Defendants. )

## Complaint at Law

**Now comes** Plaintiffs Rosa M. Diaz and Maria Fernandez (cumulatively "Plaintiffs"), by attorneys, Daniel I. Schlade and James M. Dore/Dore Law Offices LLC, pursuant to 29 U.S.C. § 201 et seq., commonly known as the Fair Labor Standards Act ("FLSA"), and complains against Defendants Gaming-EP, Inc. and Jaime Govea (all defendants are cumulatively referred to as "Defendants") and in support of this Complaint, states:

### Introduction

1. This action seeks redress for Defendants' willful violations of the FLSA and the IWCPA, and Defendants' failure to pay Plaintiffs: overtime wages for hours worked in excess of forty (40) hours in a week; failure to pay minimum wages, and/or wages for which Plaintiff worked but was never compensated.

2. Upon information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked and have failed to post a notice of rights.

3. Defendants' unlawful compensation practices had the effect of denying Plaintiff(s) his/her earned and living wages.

### Parties

4. Plaintiffs are residents of Cook County, Illinois; and they are former employees of Defendants.

5. Defendant Gaming-EP, Inc. operates as "Aces Gaming Lounge", in the business of gaming located at 1811 N. 19th Ave, Melrose Park, IL 60160.

6. Defendant Jaime Govea is the president of record with the Illinois Secretary of State for Defendant Gaming-EP, Inc. In addition, he was the "boss" of all employees at Defendant Gaming-EP, Inc.; on information and belief, he is the owner, or one of the owners of Defendant Gaming-EP, Inc.

## Jurisdiction And Venue

7. The Court possesses subject matter jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce). The Court possesses supplemental jurisdiction over the state law IWCPA claim pursuant to 28 U.S.C. § 1367, because the claim is so related to Plaintiffs' claim within such original jurisdiction that they form part of the same case or controversy, and arise out of the same underlying facts and transactions, under Article III of the United States Constitution.

8. Venue is proper in the Northern District of Illinois because all underlying facts and transactions occurred in Cook County, Illinois; and all parties to this lawsuit are residents of the Northern District of Illinois.

## Count 1 – Violation of FLSA – Rosa Diaz

9. Plaintiff Rosa Diaz began working at Defendant Gaming-EP, Inc. in or about August 2019.

10. At all times, Plaintiff held the same position at Defendant Gaming-EP, Inc.; s/he was a clerk who would open and close the facility, make sure the facilities were clean and

stocked, would make sure the gaming machines were operating, and would supervise the customers.

11. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiffs filing this Complaint, Defendants paid Plaintiff $8.25 per hour; she was paid on a weekly basis.

12. Plaintiff worked ~30 hours per week for Defendants throughout her employment.

13. Beginning January 1, 2020, the minimum wage Defendants were required to pay Plaintiff was $9.25.

14. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his/her performance.

15. Plaintiff is not exempt from the provisions of the FLSA, or the IWCPA.

16. Defendants failed to pay Plaintiff the minimum wage as required by law.

17. As of the last date of Plaintiff's employ, Defendants failed to pay Plaintiff for 62 hours of work,

18. Defendant Gaming-EP, Inc. is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately-owned for-profit entity in the restaurant and bar industry.

19. Defendant Govea is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) he is the publicly identified President and owner of Defendant Gaming-EP, Inc.,; (2) he had the power to hire and fire the employees; (3) he supervised and controlled employee work schedules and conditions of employment; (4) he determined the rate and method of payment for employees; and/or (5) he maintained employment records.

20. Plaintiff is an "employee" as that term is used in Section 203 of the FLSA because s/he was employed by Defendants as a clerical and maintenance worker, and s/he does not fall into any of the exceptions or exemptions for workers under the FLSA.

21. Defendants did not compensate Plaintiff at the minimum wage of $9.25 for his/her hours worked in 2020.

22. Defendants' failure and refusal to pay minimum wages for hours worked willfully violated the FLSA.

23. Plaintiff is entitled to recover unpaid minimum/overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $630.00 in unpaid minimum/overtime wages; (ii) liquidated damages of $630.00; and (iii) Plaintiff's attorney's fees and costs, to be determined.

**WHEREFORE**, Plaintiff Rosa Diaz respectfully request that the Court enter a judgment in favor of Plaintiff, and against Defendants, jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $630.00;

B. An award liquidated damages in an amount equal to at least $630.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

### Count 2 – Violation of IMWL – Rosa Diaz

24. Plaintiff reincorporates by reference Paragraphs 1-23, as if set forth in full herein for Paragraph 24.

25. This count arises from Defendants' violation of the IMWL, by: a) failing to pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks in violation of 820 ILCS 105/4(a)(1) and/or b) failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

26. Plaintiff was directed to work by Defendants and, in fact, did work but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

27. Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

28. Defendants did not pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks.

29. Defendants' failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in individual work weeks is a violation of the IMWL.

30. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

**WHEREFORE**, Plaintiff Rosa Diaz respectfully request that the Court enter a judgment in favor of Plaintiff, and against Defendants, jointly and severally, for:

A. The amount of wages worked by Plaintiff for which she was not paid minimum wages, totaling at least $630.00;

Case: 1:20-cv-04820 Document #: 1 Filed: 08/18/20 Page 6 of 12 PageID #:6

B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### Count 3 – Violation of IWCPA – Rosa Diaz

30. Plaintiff reincorporates by reference Paragraphs 1 through 29, as if set forth in full herein for Paragraph 30.

31. Defendant Gaming-EP, Inc. is an "employer" as that term is defined in Section 2 of the IWCPA, because it is corporation and gaming facility where wage payments were made directly by the business for work undertaken by employees, including Plaintiff.

32. Defendant Govea is an "employer" as that term is defined in Sections 2 and 13 of the IWCPA, because he is an agent of Gaming-EP, Inc. that knowingly permitted it to violate the provisions of the IWCPA.

33. Plaintiff is an "employee" as that term is used in Section 2 of the IWCPA because s/he was employed by Defendants as a clerical and maintenance worker, and s/he does not fall into any of the exceptions or exemptions for workers under the IWCPA.

6

34. Defendants violated the IWCPA by failing to pay Plaintiff any wages for his/her final 2-3weeks of employment with Defendant Gaming-EP, Inc., which unpaid wages total $573.50.

35. In addition, pursuant to Section 14 of the IWCPA, Plaintiff is entitled to recover interest on any unpaid wages at the rate of 2% per month, plus his costs of suit and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff Rosa Diaz respectfully request that the Court enter a judgment in favor of Plaintiff, and against Defendants, jointly and severally, for:

A. The amount of unpaid wages, totaling $573.50;

B. An award of 2% interest on all unpaid wages, accruing from the date the unpaid wages were owed through the date of judgment;

C. A declaration that Defendants violated the IWCPA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

### Count 4 – Violation of FLSA – Maria Fernandez

36. Plaintiff Maria Fernandez reincorporates by reference Paragraphs 1 through 8, as if set forth in full herein for Paragraph 36.

37. Plaintiff Maria Fernandez began working at Defendant Gaming-EP, Inc. in or about May 2018.

38. At all times, Plaintiff Maria Fernandez held the same position at Defendant Gaming-EP, Inc.; s/he was a clerk who would open and close the facility, make sure the facilities

were clean and stocked, would make sure the gaming machines were operating, and would supervise the customers.

39. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiffs filing this Complaint, Defendants paid Plaintiff $8.25 per hour; she was paid on a weekly basis.

40. Plaintiff worked 38 hours per week for Defendants throughout her employment.

41. Beginning January 1, 2020, the minimum wage Defendants were required to pay Plaintiff was $9.25.

42. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his/her performance.

42. Plaintiff is not exempt from the provisions of the FLSA, or the IWCPA.

43. Defendants failed to pay Plaintiff the minimum wage as required by law.

44. As of the last date of Plaintiff's employ, Defendants failed to pay Plaintiff for 62 hours of work,

45. Defendant Gaming-EP, Inc. is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately-owned for-profit entity in the restaurant and bar industry.

46. Defendant Govea is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) he is the publicly identified President and owner of Defendant Gaming-EP, Inc.,; (2) he had the power to hire and fire the employees; (3) he supervised and controlled employee work schedules and conditions of employment; (4) he determined the rate and method of payment for employees; and/or (5) he maintained employment records.

47. Plaintiff is an "employee" as that term is used in Section 203 of the FLSA because s/he was employed by Defendants as a clerical and maintenance worker, and s/he does not fall into any of the exceptions or exemptions for workers under the FLSA.

48. Defendants did not compensate Plaintiff at the minimum wage of $9.25 for his/her hours worked in 2020.

49. Defendants' failure and refusal to pay minimum wages for hours worked willfully violated the FLSA.

50. Plaintiff is entitled to recover unpaid minimum/overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $456.00 in unpaid minimum/overtime wages; (ii) liquidated damages of $456.00; and (iii) Plaintiff's attorney's fees and costs, to be determined.

**WHEREFORE**, Plaintiff Maria Fernandez respectfully request that the Court enter a judgment in favor of Plaintiff, and against Defendants, jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $456.00;

B. An award liquidated damages in an amount equal to at least $456.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

### Count 5 – Violation of IMWL – Maria Fernandez

51. Plaintiff reincorporates by reference Paragraphs 1-50, as if set forth in full herein for Paragraph 51.

52. This count arises from Defendants' violation of the IMWL, by: a) failing to pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks in violation of 820 ILCS 105/4(a)(1) and/or b) failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

53. Plaintiff was directed to work by Defendants and, in fact, did work but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

54. Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

55. Defendants did not pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks.

56. Defendants' failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in individual work weeks is a violation of the IMWL.

57. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

**WHEREFORE**, Plaintiff Maria Fernandez respectfully request that the Court enter a judgment in favor of Plaintiff, and against Defendants, jointly and severally, for:

A. The amount of wages worked by Plaintiff for which she was not paid minimum wages, totaling at least $456.00;

B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### Count 6 – Violation of IWCPA – Maria Fernandez

58. Plaintiff Maria Fernandez reincorporates by reference Paragraphs 1-57, as if set forth in full herein for Paragraph 38.

59. Defendant Gaming-EP, Inc. is an "employer" as that term is defined in Section 2 of the IWCPA, because it is a corporation and gaming facility where wage payments were made directly by the business for work undertaken by employees, including Plaintiff.

60. Defendant Govea is an "employer" as that term is defined in Sections 2 and 13 of the IWCPA, because he is an agent of Gaming-EP, Inc. that knowingly permitted it to violate the provisions of the IWCPA.

61. Plaintiff is an "employee" as that term is used in Section 2 of the IWCPA because s/he was employed by Defendants as a clerical and maintenance worker, and s/he does not fall into any of the exceptions or exemptions for workers under the IWCPA.

62. Defendants violated the IWCPA by failing to pay Plaintiff any wages for his/her final 2-3 weeks of employment with Defendant Gaming-EP, Inc., which unpaid wages total $1,054.50.

63. In addition, pursuant to Section 14 of the IWCPA, Plaintiff is entitled to recover interest on any unpaid wages at the rate of 2% per month, plus his costs of suit and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff Maria Fernandez respectfully requests that the Court enter a judgment in favor of Plaintiff, and against Defendants, jointly and severally, for:

A. The amount of unpaid wages, totaling $1,054.50;

B. An award of 2% interest on all unpaid wages, accruing from the date the unpaid wages were owed through the date of judgment;

C. A declaration that Defendants violated the IWCPA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

s/ James M. Dore

**James M. Dore/ Dore Law Offices LLC (ARDC# 6296265)**
**Daniel I. Schlade (ARDC No. 6273008)**
*Attorneys for Plaintiffs*
134 N. LaSalle, Suite 1208
Chicago, IL 60602
P: 312-726-8401
E: james@dorelawoffices.com
danschlade@gmail.com

**Plaintiffs request trial by jury for all counts where allowed**